IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-15-M-DLC |
| | CV 16-36-M-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| DAVID WAYNE SCONCE, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Sconce's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Sconce is currently in the custody of the State of California. He is proceeding in this matter pro se.

**I. Recharacterization**

Sconce originally submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. Because he sought to challenge the judgment and matters that transpired in this Court, he was advised that his petition would be recharacterized as a motion under 28 U.S.C. § 2255 and was given an opportunity either to withdraw the petition or add any further grounds for relief he wished to present. See Castro v. United States, 540 U.S. 375, 377 (2003). On March 24, 2016, he consented to recharacterization of the petition. Consequently, the petition is

1

recharacterized as a motion under 28 U.S.C. § 2255. The Court will consider both Sconce's original pleading and his response to the order regarding recharacterization.

## II. Background

Sconce pled guilty in this Court to one count of possession of a stolen firearm. On October 26, 2012, he was sentenced to serve five years on probation, with the first 90 days to be served on house arrest. Judgment (Doc. 33) at 2; Addendum (Doc. 33-1) at 1.

At the time he pled guilty and was sentenced, everyone knew the State of California had issued a probation-violation warrant for Sconce's arrest and had also declined to seek extradition. The officer who prepared the presentence report did not believe California still had a warrant outstanding. *See* Presentence Report ¶ 34 para. 3; *see also Sconce v. Garcetti*, 96 F.3d 1451, 1996 WL 495109 (9th Cir. Aug. 29, 1996) (unpublished mem. disp.).

At some point thereafter, Sconce avers, his supervising federal probation officer took some action to contact California authorities and obtain Sconce's arrest on a California warrant. Sconce was subsequently taken into custody and transported to California. There, Sconce was sentenced to serve 25 years to life in prison, evidently on revocation of his probationary sentence for conspiracy to solicit murder. *See Sconce*, 1996 WL 495109 at *1-*2.

## III. Analysis

In essence, Sconce contends that his current custody in California is wrongful because actions taken in this District by the Court, the probation officer, or Sconce's counsel were incomplete or unfair. His allegations are specious. Even if proved, they do not support relief against his guilty plea or sentence in this Court. At most, Sconce alleges he suffered an unanticipated collateral consequence as a result of his guilty plea in this Court. Contrary to his assertion, *see* Resp. to Order (Doc. 45) at 3, there never was any prospect of an "[o]mnibus pre-plea hearing in furtherance of reaching a global settlement" that included charges in the State of California or supervision by the State of Montana. Had the California warrant been known to be outstanding, and had counsel investigated and vigorously urged this Court to do something about it, nothing would have persuaded this Court to exercise jurisdiction in a matter originating in a state court.

For similar reasons, there is no basis for a claim of ineffective assistance of counsel in this Court. Had counsel foreseen every twist and turn that eventually followed after Sconce's guilty plea and sentence in this case, there is no reason to think he would have advised Sconce to go to trial rather than pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Finally, as Sconce is well aware, the California courts have already decided that his revocation sentence in California was lawfully imposed. *See People v. Sconce*, No. B249136, 2014 WL 6755727 (Cal. Ct. App. Dec. 1, 2014) (unpublished), *pet. for review denied*, No. S223622 (Cal. Mar. 11, 2015). If Sconce believes their determination was in error, a remedy might be available to him in state or federal court in California. But it is not possible for Sconce to put this Court in the position of judging the validity of the actions of the courts of the State of California.

The Court notes that the document Sconce submitted regarding the Interstate Compact for Adult Offender Supervision, *see* Attachment 2 (Doc. 45-2 at 8-13), strongly suggests his custody in California is perfectly appropriate. But, at any rate, nothing in the document undermines the integrity of Sconce's conviction and sentence in this matter.

A certificate of appealability is denied because Sconce has not shown he was deprived of a constitutional right, and no reasonable jurist would find a basis for encouraging further proceedings in this matter. *See* 28 U.S.C. § 2253(c); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sconce's petition under 28 U.S.C. § 2254 (Doc. 43) is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence

under 28 U.S.C. § 2255.

2. So recharacterized, the motion (Docs. 43, 45) is DENIED for lack of merit.

3. A certificate of appealability is DENIED on all issues. The clerk shall immediately process the appeal if Sconce files a notice of appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 16-36-M-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Sconce.

DATED this 1st day of June, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court