IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WAYNE SCONCE,<br><br>Defendant. | CR 12–15–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant David Wayne Sconce's Motion for Early Termination of Probation. (Doc. 51.) The United States opposes the motion. (Doc. 52.) For the reasons below, the Court denies the motion.

## Background

On October 26, 2012, Sconce was sentenced for possession of a stolen firearm in violation of 18 U.S.C. § 922(j). (Doc. 33.) The Court sentenced Sconce to 5 years of probation. (*Id.*) Sconce began serving his term of supervision on June 13, 2022. (Doc. 73-2 at 2.) Sconce violated his term of supervision once in 2023. (*Id.*)

## Discussion

Under federal law, this Court:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal

1

>Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Sconce has served over one year of his term of probation and is therefore statutorily eligible for the premature termination of his remaining term of probation.

In determining whether to grant an early termination of probation, courts consider certain factors. These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its

sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

The offense conduct in this case was possession of a stolen firearm. At the time of sentencing, Sconce's total criminal history score was three placing him in criminal history category II. (Doc. 35 at 11.) His offense level was 13 which included one two-level upward adjustment because the offense involved a stolen firearm. (*Id.* at 7.) His offense level also included one two-level downward adjustment and one one-level downward adjustment for acceptance of responsibility. (*Id.*) Accordingly, Sconce's guideline range was 15 to 21 months imprisonment. (*Id.* at 15.) The Court varied downward after considering the factors in 18 U.S.C. § 3553(a). (Doc. 34 at 3.) Therefore, the Court has already considered the 18 U.S.C. § 3553(a) factors in considering what is a sufficient but not greater than necessary sentence for Sconce.

Sconce began his term of probation on October 26, 2012. (*See* Doc. 50 at 1.) On December 27, 2012, he was arrested on a California state warrant. (*Id.* at 2.) Sconce was released on parole in Los Angeles on May 24, 2023. (*Id.*) Therefore, he has served approximately 15 months of his five-year term of probation. The Court finds that consideration of the foregoing factors does not support the early termination of Sconce's remaining term of probation.

In the alternative, Scone requests that the Court issue an order permitting him

3

to relocate to Oregon and remain there until the transfer process is complete. (Doc. 51 at 3.) The United States does not oppose this request. (Doc. 52 at 3.) The Court is not opposed to allowing Sconce to relocate to Oregon but defers to his United States Probation Officer as to the timing and circumstances of any relocation.

Accordingly, IT IS ORDERED that the motion (Doc. 51) is DENIED in part and GRANTED in part. Defendant David Wayne Sconce's request for an early termination of probation is DENIED.

IT IS FURTHER ORDERED that Sconce may relocate to Oregon and remain there until the transfer process is complete if his probation officer approves.

DATED this 12th day of June, 2024.

_____
Dana L. Christensen, District Judge
United States District Court